IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEXTECH RIGHTS LIMITED,

       Plaintiff,

  v.

HALLMARK ENTERTAINMENT INC,
HALLMARK ENTERTAINMENT DISTRIBUTION
COMPANY, RHI ENTERTAINMENT HOLDING,
LLC, HALLMARK ENTERTAINMENT
INVESTMENTS COMPANY, CROWN MEDIA
HOLDINGS, INC., CROWN MEDIA UNITED
STATES, LLC, RHI ENTERTAINMENT, INC., AND
RHI ENTERTAINMENT DISTRIBUTION, LLC.

       Defendants.

07 CV 10676

COMPLAINT

JUDGE CHIN

Plaintiff Flextech Rights Limited ("Flextech") for its Complaint against Defendants Hallmark Entertainment Inc. ("HEI"), Hallmark Entertainment Distribution Company ("HEDC"), RHI Entertainment Holding, LLC, Hallmark Entertainment Investments Company, Crown Media Holdings, Inc., Crown Media United States, LLC, RHI Entertainment, Inc., and RHI Entertainment Distribution, LLC (the latter six defendants sometimes referred to collectively as "HEDC Successor Companies") hereby alleges as follows:

## Nature of the Claim

1.     This is a complaint for breach of contract against HEDC and the HEDC Successor Companies for breach of payment obligations under a Distribution Agreement ("Agreement") dated November 22, 1996. (Exhibit A.) Plaintiff also brings a claim against Defendant HEI for breach of payment obligations under a Deed of Guarantee ("Guarantee") between HEI and Flextech dated November 22, 1996. (Exhibit B.)

## The Parties

2.     Plaintiff Flextech is a company registered in England and Wales with its principal place of business located at 13 Albemarle Street, London W1X 3AJ, England.

3.     Upon information and belief, Defendant HEI is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

4.     Upon information and belief, Defendant HEDC is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

5.     Upon information and belief, Defendant RHI Entertainment Holding, LLC is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

6.     Upon information and belief, Hallmark Entertainment Investments Company is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

7. Upon information and belief, Crown Media Holdings, Inc., is a corporation organized under the laws of Delaware with its principal place of business located at 12700 Ventura Boulevard, Studio City, CA 91604.

8. Upon information and belief, Crown Media United States, LLC, is a corporation organized under the laws of Delaware with its principal place of business located at 12700 Ventura Boulevard, Studio City, CA 91604.

9. Upon information and belief, RHI Entertainment, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

10. Upon information and belief, RHI Entertainment Distribution, LLC is a corporation organized under the laws of Delaware with its principal place of business located at 1325 Avenue of the Americas, New York, NY 10019.

11. Upon information and belief, one or more of the aforementioned HEDC Successor Companies may be the successor in interest to HEDC's obligations under the Distribution Agreement.

### Jurisdiction and Venue

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.

13. This Court has personal jurisdiction over HEI because, among other things, it is present and doing business in the State of New York.

14. This Court has personal jurisdiction over HEDC and the HEDC Successor Companies because, among other things, they are present and doing business in the State of New York, and/or succeeded to the rights and obligations under the Distribution Agreement of HEDC.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## Background

16. On November 22, 1996, Flextech and HEDC entered into a Distribution Agreement under which HEDC agreed to serve as Flextech's exclusive agent for the licensing of all rights granted to Flextech under certain agreements between Flextech and HEI. The rights granted to Flextech included rights to two categories of television motion picture: (1) "Original Output Movies" and (2) "Additional Output Movies."

17. Under the Distribution Agreement, Flextech granted exclusive rights to HEDC to distribute both Original Output Movies and Additional Output Movies.

18. Under the Distribution Agreement, HEDC agreed to pay to Flextech one hundred percent of the revenue generated as a result of HEDC's distribution of the Original Output Movies and Additional Output Movies, net of certain actual, direct, and out-of-pocket costs incurred by HEDC,

19. With respect to the aforementioned distribution costs, HEDC agreed that such costs shall "only be payable by Flextech out of the revenues received by Flextech," and that such costs shall in any event be "capped at a maximum of $5,000" per title of each Output Movie.

20. The Distribution Agreement states further that HEDC's costs for each Output Movie may not be "cross collateralized" with any expenses relating to other Output Product titles. Rather, HEDC's costs "shall only be payable . . . out of the revenues received . . . from the title to which such costs relate."

21. Moreover, HEDC further agreed in paragraph 5 of the Distribution Agreement that the amounts to be paid by HEDC under the Distribution Agreement shall be: (1) not less than $50,000 for each Original Output Movie; and (2) not less than $100,000 for each Additional Output Movie, net of costs as aforesaid. These guaranteed minimum payments are "in addition to any revenue" that Flextech was to receive pursuant to a License Agreement between Flextech and Hallmark Entertainment Network, Inc. ("HEN") dated November 22, 1996. (Exhibit C.)

22. HEDC agreed to pay Flextech $50,000 for each Original Output Movie no later than December 31, 2001 and $100,000 for each Additional Output Movie no later than December 31, 2003. However, HEDC failed to make substantial payments owing to Flextech, notwithstanding demand therefor, in the approximate amount of $5,200,000.

23. On November 22, 1996, HEI and Flextech entered into a "Deed of Guarantee" under which HEI irrevocably and unconditionally guaranteed the due and punctual payment to Flextech of any sums owing under the Distribution Agreement. Notwithstanding demand therefor, HEI has failed to pay Flextech the amounts owing under the Distribution Agreement as required by the Deed of Guarantee.

### Count I: Breach of Contract

### (Against HEDC and the HEDC Successor Companies)

24. HEDC and/or the HEDC Successor Companies have breached the Distribution Agreement with Flextech by failing to pay the sums owed to Flextech under the agreement.

25. HEDC and/or the HEDC Successor Companies are liable to Flextech in the approximate amount of $5,200,000.

## Count II: Breach of Contract

### (Against HEI)

26. HEI has breached its payment obligations under the Deed of Guarantee by failing to pay the sums owing to Flextech under the Distribution Agreement for which HEI is liable as guarantor.

27. HEI is liable to Flextech in the approximate amount of $5,200,000.

28. HEI is also liable under paragraph 1.1 of the Guarantee for, _inter alia_, all costs and expenses, including legal fees, incurred in connection with this action.

## Prayer for Relief

WHEREFORE, Flextech prays for judgment:

A. Awarding Flextech damages against HEDC and/or the HEDC Successor Companies on account of the breach of the Distribution Agreement in an amount to be determined at trial, but which is believed to be approximately $5,200,000.

B. Awarding Flextech damages against HEI on account of HEI's breach of its obligations in the Deed of Guarantee in an amount to be determined at trial, but which is believed to be approximately $5,200,000 plus, as provided in the Guarantee, Flextech's costs and expenses including legal fees;

C. Awarding Flextech pre- and post-judgment interest to the maximum extent permitted by law;

D. Awarding Flextech attorneys' fees, costs, and expenses that it incurs in prosecuting these claims; and

E.  Granting Flextech such other and further relief as this Court deems just and proper.

November 28, 2007

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

_____
Elliot E. Polebaum
1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004
Tel.: (202) 639-7000

One New York Plaza
New York, NY 10004
(212) 859-8000

Counsel for Plaintiff

625617