UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | | |
|---|---|---|
| FLEXTECH RIGHTS LIMITED, | : | 1:07 CV 10676 (DC)(KNF) |
| Plaintiff, | : | **ANSWER** |
| - against - | : | |
| RHI ENTERTAINMENT DISTRIBUTION LLC | : | |
| and RHI ENTERTAINMENT LLC, | | |
| | : | |
| Defendants. | | |
| | : | |

-------------------------------------------------------------------------x

Defendants RHI Entertainment Distribution, LLC ("RHI Distribution") and RHI Enter-

tainment, LLC ("RHI Entertainment"), by and through their attorneys, Pryor Cashman LLP, as

and for their Answer to the Amended Complaint ("Complaint") of plaintiff Flextech Rights

Limited ("Flextech"), allege and state as follows:

1.       Deny each and every allegation contained in ¶1 of the Complaint except admit

that Flextech purports to assert such claims and respectfully refer the Court to the Agreement and

Guarantee (as defined in the Complaint) for the terms and conditions thereof.

2.       Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in ¶2 of the Complaint.

3.       As all of the entities identified in ¶¶ 3 through 9 of the Complaint have been

voluntarily dismissed from this action by the Stipulation and Order entered December 27, 2007

("Stipulation"), the allegations set forth in such paragraphs are no longer relevant and defendants

therefore neither admit nor deny them.

4.       Admit the allegations contained in ¶10 of the Complaint.

5.    Deny each and every allegation contained in ¶11 of the Complaint except admit that RHI Distribution is the successor-in-interest to former defendant Hallmark Entertainment Distribution Company.

6.    Deny each and every allegation contained in ¶12 of the Complaint except admit that RHI Entertainment is the successor-in-interest to defendant Hallmark Entertainment, Inc. and respectfully refer the Court to the Guarantee for the terms and conditions thereof.

7.    Admit the allegations contained in ¶13 of the Complaint.

8.    Deny each and every allegation contained in ¶¶ 14, 15 and 16 of the Complaint except admit that this Court has personal jurisdiction over RHI Distribution and RHI Entertainment and state that as all of the entities identified in ¶¶ 3 through 9 of the Complaint have been voluntarily dismissed from this action by the Stipulation, whether or not those entities are subject to the jurisdiction of this Court is no longer relevant and defendants therefore neither admit nor deny the jurisdictional allegations relating to such entities.

9.    Admit the allegations contained in ¶17 of the Complaint.

10.    Deny each and every allegation contained in ¶¶ 18 through 23 of the Complaint except admit that on or about November 22, 1996, an agreement was entered into between Flextech and Hallmark Entertainment Distribution and respectfully refer the Court to the Agreement for the terms and conditions thereof.

11.    Deny each and every allegation contained in ¶24 and respectfully refer the Court to the Agreement for the terms and conditions thereof.

12.    Deny each and every allegation contained in ¶25 of the Complaint except:  (a) admit that on or about November 22, 1996, a Deed Of Guarantee dated November 22, 1996 was entered into between Flextech and Hallmark Entertainment Inc.; (b) admit that Hallmark

Entertainment Inc. has not made any payments under such Guarantee; and (c) respectfully refer the Court to the Guarantee for the terms and conditions thereof.

13.    Deny each and every allegation contained in ¶¶ 26, 27, 28 and 29 of the Complaint.

14.    Deny each and every allegation contained in ¶30 of the Complaint and respectfully refer the Court to the Guarantee for the terms and conditions thereof.

## FIRST AFFIRMATIVE DEFENSE

15.    The Complaint fails to state any claims for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff has waived any claims which it may have had against defendants.

## FOURTH AFFIRMATIVE DEFENSE

18.    Plaintiff is barred by its laches from asserting any claims which it may have had against defendants.

## FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiff is equitably estopped from asserting any claims which it may have had against defendants.

## SIXTH AFFIRMATIVE DEFENSE

20.    Any claims which plaintiff may have had against defendants are barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, defendants demand judgment against plaintiff dismissing plaintiff's complaint with prejudice and in its entirety and awarding defendants their reasonable costs, expenses and attorneys' fees and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 25, 2008

                                        PRYOR CASHMAN LLP

                                        By: _____
                                            Philip R. Hoffman (PH-1607)
                                            Attorneys for Defendants
                                            410 Park Avenue
                                            New York, New York  10022
                                            (212) 421-4100
                                            phoffman@pryorcashman.com

To:  FRIED, FRANK, HARRIS, SHRIVER
        & JACOBSON LLP
     Attorneys for Plaintiff
     1001 Pennsylvania Avenue, N.W.
     Suite 800
     Washington, D.C.  20004
     (202) 639-7000

     One New York Plaza
     New York, New York  10004
     (212) 859-8000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2008, I served the within Answer upon the attorneys

for plaintiff by electronically filing a copy with the Court and by causing a copy to be e-mailed

to its attorney, Elliot E. Polebaum of Fried, Frank, Harris, Shriver & Jacobson LLP, at

elliot.polebaum@friedfrank.com.

Dated: New York, New York
    March 25, 2008

                              _____
                              PHILIP R. HOFFMAN